**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: /s/ Michael J. Gunderson
Attorney for Plaintiff
The Gunderson Law Firm
2155 W. Roscoe Street
Chicago, Illinois 60618
Tel:   312.600.5000

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I served a copy of this Notice with the motion attached upon the parties listed above and as indicated on the attached service list, by causing service via electronic transmission through ECF or by mailing same in a properly addressed envelope, postage prepaid, and depositing same in the U.S. Mail from 2155 W. Roscoe Street, Chicago, Illinois, before the hour of 5:00 p.m. on the 10th day of January 2024.

/s/ Michael J. Gunderson
Attorney for Plaintiff

The Gunderson Law Firm
2155 W. Roscoe Street
Chicago, Illinois 60618
Tel:   312.600.5000

## SERVICE LIST

**Via US Mail To;**

**Via Court Electronic Notification:**

Thomas H. Hooper
thomas.h.hooper@55chapter13.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | Chapter 13 | |
| | ) | | |
| Kimberly N. Boyd, | ) | Bankruptcy No.: | 23 B 03284 |
| | ) | | |
| Debtor. | ) | | |
| | ) | | |
| Pro Swagger Promotions, Inc. | ) | Adversary No.: | 23 A 00169 |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | | |
| | ) | | |
| Kimberly N. Boyd, | ) | Honorable Judge: | David D. Cleary |
| | ) | | |
| Defendant. | ) | | |

### PLAINTIFF'S RESPONSE TO DEFENDANT KIMBERLY N. BOYD'S MOTION TO DISMISS ADVERSARY PROCEEDING

NOW COMES the Plaintiff, Pro Swagger Promotions, Inc., "Plaintiff" by and through their attorney, Michael J. Gunderson, The Gunderson Law Firm, LLC, and in response to the Motion to Dismiss filed by Plaintiff Kimberly N. Boyd responds as follows:

### Background & Timeline

1. On June 22nd, 2023, the Plaintiff filed the Adversary Complaint to determine dischargeability of debt. A copy of the complaint is attached hereto as exhibit "A".

2. A Summons was generated by the Court Clerk on June 22nd, 2023. A copy of the summons is attached hereto as exhibit "B."

3. Notice of filing was sent, electronically, to Defendant's Counsel in the underlying Chapter 13 Bankruptcy case.

4. A copy of the complaint and summons were sent via US Mail to Defendant on June 23rd, 2024.

5. At the time the Adversary Complaint was filed, Defendant's Chapter 13 case was pending and had not yet been confirmed.

6. On July 3rd, 2023, after the Adversary Complaint had been filed, but before the Chapter 13 had been confirmed, Defendant filed a notice of address change with the Clerk of the Court. A copy of the notice is attached hereto as exhibit "C."

7. Status dates were held on the Adversary Case on August 28th, 2023 as well as on October 2nd, 2023 and November 20th, 2023. Neither Plaintiff nor Defendant appeared at these status hearings.

8. Upon the Court's Motion for Rule to Show Cause, Counsel for Plaintiff appeared before His Honor Judge Cleary to explain that the Adversary Schedule was improperly docketed as a Chapter 13 matter and that upon discover of this scheduling error, Counsel was actively on trial before Judge Barnes and unable to advise the Court of the error.

9. Counsel further explained that Plaintiff had just discovered the notice of address change for Defendant on the underlying Chapter 13 case and requested additional time to ensure that Defendant had property notice and that return of service was properly filed.

10. Plaintiff then caused to be filed an additional updated Summons with Defendant's updated address. This matter was continued to ensure that service was documented and the certificate filed.

11. Following this updated attempt at service, Defenant filed the instant motion and appeared at the most recent hearing on February 26th, 2024.

## Argument – Defendant's Motion to Dismiss For Failure To Effect Timely Service

12. Plaintiff restates and re-alleges paragraphs 1-11 herein.

13. In her motion, Defendant states that Plaintiff must demonstrate he made reasonable and dilligent efforts to serve Defendant purusant to the Courts decision in *Quann v. Whitegate-Edgewater,* 112 F.R.D. 649.

14. The underlying timeline of the Adversary Filing and Defendant's own filings in the underlying Chapter 13 case show that efforts to serve Defendant were reasonable and dilligent.

15. Plaintiff sent the Summons & Complaint to the address for Defendant listed on her Chapter 13 filing.

16. The notice of filing and complaint were sent to Defendant's Attorney through the ECF system as Event #23 in the underlying Chapter 13 case.

17. Defendant's motion states, in part, "I nor my attorney of record received any summons until the alias summons dated January 11th, 2024" *Defendant's Motion to Dismiss at Page 4.*

18. Defendant leaves out, however, the fact that her Attorney did receive electronic notice of the Adversary Filing via the ECF system on June 22nd, 2024. Please see the attached electronic notice attached as "Exhibit D."

19. Additionally, Defendant's motion states that"Plaintiff has not demosntrated good cause for the delay in service. I have consistently resided at the same address for the past five years, and the Plaintiff did nto encouter any difficulty in mailing the alias summons of January 11th, 2024" see *Defendant's Motion to Dismiss at Page 4.*

20. This assertion is puzzling, given that Defendant filed a change of address with the Court, showing her address being updated to a residence in Northlake, Illinois as opposed to Melrose Park, Illinois, the former which had been listed on the Chapter 13 Petition as Defendant's residence. Defendant's own Court filing in the Chapter 13 case contradicts her statement that she "consistently resided at the same address for the past five years."

21. Plaintiff would argue that Defenants own actions and representations about her address are enough to present a challenge to effectuate service. Furthermore, Defendant should not be able to argue that Plaintiff should adhere to strict deadlines for effectuating service when her own actions would make any type of service impractical.

22. No default or other final order has been entered in this matter, and Plaintiff appeared before His Honor on February 26th, 2024 prepared to withdraw it's motion for Default given that Defendant had filed a motion prior to the hearing date.

**23.** While Defendant cites Bankruptcy Rule 7004 in her motion as well as it's adoption of the Federal Rule of Civil Procedures, specifically Rule 4(m), she does not discuss Rule 4(e) or 4(h). Under Rules 4(e) and 4(h), were the Court to look to "State Law" procedures, it could conclude that service was proper. When faced with uncertainty as to the address of the Defendant, Plaintiff requested an additional successive summons. This is anticipated in Illinois Supreme Court Rule 103 which states that, "On request of any party, the clerk shall issue successive alias summonses, regardless of the disposition of any summons or alias summons previously issued." See Ill. Sup. Ct. R. 103. This is precisely what occurred in this matter.

24. Rule 103 goes on to discuss dismissal for lack of dilligence, however, this discusses failure to effectuate service prior to the expiration of the applicable statute of limitations, which does not appear to be in dispute in the matter currently before the Court.

25. Plaintiff has demonstrated reasonable efforts and due diligence in effectuating service upon the Defendant.

**Argument – Defendant's Motion to Dismiss For Lack of Merit**

26. Plaintiff restates and re-alleges paragraphs 1-25 herein.

27. Plaintiff's Motion to Dismiss for "Lack of Merit" raises several arguments as they relate to previous litigation between the parties. The underlying State Court case referenced by the Defendant consisted of some litigation, discovery, and eventually, arbitration. Ultimately, the parties reached a voluntary settlement and an agreement was executed by the Defendant.

28. Defendant scheduled a debt owed to the Plaintiff in her Chapter 13 case in the amount of $17,000.

29. In the State Court matter, Plaintiff alleged that while working in his employ, Defendant stole several thousand dollars worth of merchandise which she then resold for profit.

30. Plaintiff sought repayment of the value of the converted merchandise in this case, and ultimately the parties reached a settlement agreement.

31. Plaintiff's action under 523 does not rely on a State Court Judgment, nor does it base its complaint on the settlement reached between the parties. Rather, this complaint presents the circumstances under which Plaintiff filed the State Court action, all of which, Plaintiff alleges, provide relief under Section 523.

32. If Defendant wishes to present arguments or issue discovery in an attempt to prove that relief under 523 is inappropriate, she is welcome to do so. However, a motion to dismiss would be premature at this time.

33. Defendant acknolwedged a debt in her Petition and Plaintiff has presented sufficient allegations that would merit further action before this Court.

34. Defendant has not sufficiently or properly pled allegations that would support a dismissal of this action at this time.

**WHEREFORE**, for the reasons set forth above, Plaintiff, Pro Swagger Promotions, Inc., respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss and enter an order granting this relief and any other relief the Court deems just.

Respectfully Submitted,

/s/ Michael J. Gunderson
Attorney for Plaintiff

The Gunderson Law Firm
2155 W. Roscoe Street
Chicago, Illinois 60618
Tel:    312.600.5000