UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| Kimberly N. Boyd, | ) | Case No.: 23 B 04595 |
|     Debtor. | ) | |
| _____ | ) | |
| Pro Swagger Promotions, Inc. | ) | Adversary No.: 23 A 00169 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| Kimberly N. Boyd, | ) | Hon. David D. Cleary, Judge |
|     Defendant. | ) | |

NOTICE OF MOTION

To: Marilyn O. Marshall, Chapter 13 Trustee, courtdocs@chi13.com;
Adam Brief, U.S. Trustee, USTPRegion11.ES.ECF@usdoj.gov;

    On Monday, November 4, 2024, at 2:00 pm we will appear before the assigned Judge, Honorable David D. Cleary, via teleconference on ZOOMgov.us, **Meeting ID**: 161 122 6457, **Passcode Cleary**644, and present the attached

**DEFENDANT'S BANKRUPTCY RULE 7012(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT TO EXCEPT DEBT FROM DISCHARGE PURSUANT TO 11 U.S.C. SECTION §523(a)(4)**

This motion will be presented and heard electronically using Zoomgov.us. To appear and be heard on the motion, you must do the following: To appear by video, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

To appear by telephone, call Zoom at 312-626-6799. Then enter the meeting ID and password. Meeting ID and password. The meeting ID for this hearing is **Meeting ID**: 161 122 6457, **Passcode Cleary**644.

1

CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a copy of this Notice and the attached **DEFENDANT'S BANKRUPTCY RULE 7012(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT TO EXCEPT DEBT FROM DISCHARGE PURSUANT TO 11 U.S.C. SECTION §523(a)(4)** to the parties named above by electronic mail to their respective addresses of record, via the Court's electronic filing system at the above-listed addresses before 11:59pm on October 31, 2024.

| | |
|---|---|
| Michael J. Greco, Attorney at Law | /S/ Michael J. Greco_____ |
| Attorney for Defendant | Michael J. Greco |
| 175 W. Jackson Blvd. Suite 240 | |
| Chicago, Illinois   60604 | |
| (312) 222-0599 | |
| michaelgreco18@yahoo.com | |
| Atty. No. 6201254 | |

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| Kimberly N. Boyd, | ) | Case No.: 23 B 04595 |
|    Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Pro Swagger Promotions, Inc. | ) | Adversary No.: 23 A 00169 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kimberly N. Boyd, | ) | Hon. David D. Cleary, Judge |
|    Defendant. | ) | |

**DEFENDANT'S BANKRUPTCY RULE 7012(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT TO EXCEPT DEBT FROM DISCHARGE PURSUANT TO 11 U.S.C. SECTION §523(a)(4)**

Defendant, KIMBERLY BOYD moves this Court pursuant to Bankruptcy Rule 7012(b)(6) and Fed. Rule Civ. P. 12(b)(6) to enter an Order dismissing Plaintiff PRO SWAGGER PROMOTIONS, INC.'s Amended Complaint to Except Debt from Discharge pursuant to 11 USC Section §523(a)(4). To support this Motion, Defendant states as follows:

**Factual Predicate**

Plaintiff starts off its terse, three page Amended Complaint by referring to its state court complaint filed in the Circuit Court of Cook County, Illinois, against Defendant Kimberly Boyd ("Boyd") and Tumbler City LLC ("Tumbler City"),

3

"alleging among other counts, fraud perpetrated by the Defendant in the course of her employment for Plaintiff." (*Amended Complaint*, page 4, para. 6, Ex. A). The allegations of the state court complaint are not certified or verified pursuant to 735 ILCS Section 5/1-109; they are not incorporated into the Amended Complaint in this case. (*Amended Complaint*, page 4, Ex. A).

The other Exhibit to the Amended Complaint is a purported Settlement Agreement signed by Defendant, which purports to settle the claim between the parties, for a sum equal to approximately one-fifth of the amount of the loss Plaintiff alleged in the state court complaint to have sustained. (*Amended Complaint*, page 4, para. 8, Ex. B). The purported Settlement Agreement is not signed by Plaintiff, and does not indicate that Defendant admits or concedes any specific acts alleged in the state court complaint. (*Amended Complaint*, page 4, Ex. B).

The Amended Complaint alleges in paras. 11 through 14, inclusive:

"11. Defendant, while acting as an employee of Plaintiff, used Plaintiff's professional software and vendor contacts to purchase various merchandise commonly resold as part of Plaintiff's business.
12. Defendant converted this merchandise and resold it under her own company.
13. Defendant caused Plaintiff's business to be billed for the merchandise she ordered and resold under her own corporation.
14. Defendant never paid Plaintiff for the merchandise ordered from and billed to Plaintiff's company."

4

(*Amended Complaint*, page 4, paras. 11-14).

On this basis, Plaintiff asserts:

"16. The use of the Plaintiff's software, licenses, vendors and ultimately their business capital to obtain merchandise to resell under her own company constitutes embezzlement and larceny under section §523(a)(4)."

(*Amended Complaint*, page 4, para. 16).

Nowhere does the Plaintiff allege facts from which the Court could infer that Plaintiff was unaware of Defendant's activities, that Defendant took and carried away Plaintiff's property, or that Defendant was culpable of conversion of Plaintiff's property. (*Amended Complaint, passim*).

**Standard of Review**

Plaintiff bears the burden of proving every element of its claims under 11 U.S.C. §523(a). *City of Zeigler, Ill. v. Dennis Uhls*, Adv. No. 21-04015, p. 6-7 (USBC S.D.Ill. 6/29/2023), citing *Matter of Scarlata*, 979 F.2d 521, 524 (7th Cir. 1992) ("burden of proof in dischargeability actions under §523(a)" *City v. Uhls,* pp. 6-7).

"To further the policy of providing a debtor a fresh start in bankruptcy, exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor. *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996) (with respect to discharge exceptions under §727(a)); *Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir. 1994)(as to dischargeability exceptions under §523(a))." *City v. Uhls,* pp. 6-7.

5

Where fraud is alleged, Fed Rule Civ. P. 9(b) requires a heightened standard of specificity, identifying the particular facts on which fraud is being asserted. Fed. Rule Civ. P. 9(b).

I. **Conversion is not properly alleged for purposes of stating a claim of embezzlement of the Plaintiff's property.**

Although Plaintiff claims that Defendant is culpable of embezzlement and larceny, the allegations of the Amended Complaint do not support these assertions. "[T]he Supreme Court explained that 'embezzlement' requires conversion, [and] 'larceny' requires taking and carrying away another's property. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 268 (2013)." *City of Zeigler, Ill. v. Dennis Uhls*, Adv. No. 21-04015, p. 6-7 (USBC S.D.Ill. 6/29/2023).

Illinois law dictates that conversion is actionable only for the return of *specific property*, or an *identifiable object*. *Karimi v. 401 North Wabash Venture, LLC*, 952 N.E.2d 1278 (Ill.App.1 Dist.2011). Money can be the subject of conversion if it is a specific, identifiable sum, but only if the money "at all times belonged to the plaintiff and that the defendant converted it to his own use." *Id.* 952 N.E.2d at 1285, citing *In re Thebus*, 108 lll.2d 255, 261 (1985).

Plaintiff's allegations in this case fail to establish that the "profits" realized by Defendant's alleged dealings belonged to the Plaintiff at all times. (*Amended*

6

*Complaint*, paras. 13, 14). At best, Plaintiff has alleged that Defendant owes it a generalized debt or obligation, to repay Plaintiff for merchandise billed to Plaintiff's company and sold by Defendant. (*Amended Complaint*, para. 14). *In re Thebus*, 108 Ill.2d at 261.

Because Plaintiff has failed to allege a conversion purportedly perpetrated by Defendant, Plaintiff's claim for embezzlement fails. The Amended Complaint must be dismissed for failure to state a claim under Section 523(a)(4) as to alleged embezzlement.

II. **Plaintiff's alleged claim based on Larceny fails because Plaintiff has failed to allege that Defendant took and carried away Plaintiff's property.**

As noted above, Plaintiff's claim against Defendant alleging Larceny requires allegations that Defendant "took and carried away another's property." *Bullock v. BankChampaign, N.A.*, 569 U.S. at 267, 268; *City of Zeigler, Ill. v. Dennis Uhls*, Adv. No. 21-04015, p. 6-7 (USBC S.D.Ill. 6/29/2023).

Plaintiff's allegations that Defendant used Plaintiff's software and vendor contacts to purchase and resell merchandise through her own corporation falls far short of establishing that Defendant "took and carried away [Plaintiff's] property." (*Amended Complaint*, para. 11-14).

Because the Amended Complaint fails to allege specific facts amounting to

7

Defendant allegedly committing Larceny, that basis for discharge exception under Section 523(a)(4) is defectively pleaded as well. The Amended Complaint fails to state a claim for which exception to discharge can be granted based on purported Larceny, and must be dismissed as to that ground under Bankruptcy Rule 7012(b)(6) and Fed. Rule Civ. P. 12(b)(6).

Conclusion

For the foregoing reasons, the allegations of Plaintiff's Amended Complaint fail to establish ground for excepting its claim against Defendant from discharge under either embezzlement or larceny pursuant to Section 523(a)(4) of the Bankruptcy Code. The Amended Complaint must be dismissed under Bankruptcy Rule 7012(b)(6) and Fed. Rule Civ. P. 12(b)(6).

WHEREFORE, Defendant Kimberly Boyd, respectfully requests that the Amended Complaint of Plaintiff Pro Swagger Promotions, Inc., be dismissed pursuant to Bankruptcy Rule 7012(b)(6) and Fed. Rule Civ. P. 12(b)(6) for failing to state a claim for which relief may be granted, together with such further relief as this Court deems just.

Respectfully Submitted,

Kimberly N. Boyd,

By:_____/s/ Michael J. Greco___
       Michael J. Greco
       Attorney for Defendant


Michael J. Greco, Attorney at Law
Attorney for Defendant
175 W. Jackson, Suite 240
Chicago, Ill. 60604
michaelgreco18@yahoo.com
312 222-0599
Atty. No. 6201254

**Certificate of Service**

I hereby certify that on October 31, 2024 before 11:59pm I served the foregoing document via electronic mail on the Court's electronic case filing system to counsel of record.

Michael J. Greco, Attorney at Law          _____/S/ _ Michael J. Greco _____
Attorney for Defendant                                  Michael J. Greco, Attorney for Defendant
175 W. Jackson, Suite 240
Chicago, Ill. 60604
[michaelgreco18@yahoo.com](mailto:michaelgreco18@yahoo.com)
312 222-0599
Atty. No. 6201254